UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ERIC G. GUTIERREZ, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

AARON'S INC. dba AARON'S SALES AND LEASE OWNERSHIP and DOES 1-100, inclusive,

    Defendants.

No. 2:10-cv-02417-MCE-EFB

MEMORANDUM AND ORDER

----oo0oo----

Presently before the Court is a Motion by Defendant Aaron's Inc. ("Defendant") to dismiss the claims in the Complaint of Plaintiff Eric G. Gutierrez ("Plaintiff") for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] or, in the alternative, to strike class allegations pursuant to Rule 12(f).  For the reasons set forth below, Defendant's Motion is granted.

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

1

# BACKGROUND[2]

Defendant is in the business of selling and leasing furniture and home appliances. Plaintiff was employed by Defendant on an hourly basis for an undisclosed length of time. As an employee at Defendant's Red Bluff and Chico locations, Plaintiff claims that he was entitled to receive wages for regular and overtime hours worked, meal and rest periods, reimbursement for business related expenses, and accurate wage statements. Plaintiff alleges that he did not receive these benefits, nor did others similarly situated whom Plaintiff seeks to join as class members.

Specifically, Plaintiff alleges that Defendant had a policy and practice of withholding wages from its employees. Under this scheme, Defendant would automatically deduct thirty minutes of time worked from each day an employee worked more than six hours. The thirty minutes, allegedly subtracted to create the appearance of compliance with California law, was deducted regardless of whether the employee took a meal period. As a result of this policy, Plaintiff was not provided the benefits he was entitled to receive.

///
///
///
///
///

---

[2] The factual assertions in this section are based on the allegations in Plaintiff's Complaint unless otherwise specified.

**STANDARD**

**A.   Motion to Dismiss Under Rule 12(b)(6)**

A party may seek dismissal of a claim if the pleadings are insufficient because they fail to state a claim upon which relief may be granted.  On a motion to dismiss for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party."  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the...claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).

Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) ("[T]he pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.").
///
///

If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Twombly, 550 U.S. at 570.

Once the court grants a motion to dismiss, it must then decide whether to grant a plaintiff leave to amend. Rule 15(a) authorizes the court to freely grant leave to amend when there is no "undue delay, bad faith, or dilatory motive on the part of the movant." Foman v. Davis, 371 U.S. 178, 182 (1962). In fact, leave to amend is generally only denied when it is clear that the deficiencies of the complaint cannot possibly be cured by an amended version. See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Balistieri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990) ("A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal citations omitted).

**B.   Motion to Strike Under Rule 12(f)**

The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

///

"Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.  Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir. 1993) (rev'd on other grounds, <u>Fogerty v. Fantasy, Inc.</u>, 510 U.S. 517 (1994))(internal citations and quotations omitted).

**ANALYSIS**

Plaintiff's first four causes of action seek redress for past wages due, compensation for meal and rest periods, reimbursement for expenditures, and failure to itemize wage statements.  The remaining claims, which are derivative of the first four causes of action, are for violating California Business and Professions Code Sections 17200 et seq., declaratory relief, accounting, injunctive relief, and penalties under the Private Attorneys General Act.

The issue presently before the Court is whether Plaintiff's Complaint contains sufficient factual allegations to satisfy the pleading requirement of Rule 8.  In the event the Court finds the factual allegations sufficient to survive a motion to dismiss pursuant to Rule 12(b)(6), Defendant requests that the Court strike Plaintiff's class allegation, pursuant to Rule 12(f), on the ground that the Complaint does not contain sufficient facts to show that class members were injured in the same manner as Plaintiff.

///

A complaint needs only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required. Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009). However, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citations omitted). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556).

Here, Plaintiff's causes of action do not satisfy this standard. For example, in the first cause of action, Plaintiff claims that Defendant violated California Labor Code § 510, which requires employers to compensate employees at no less than time-and-a-half of the regular rate of pay for "work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek." Cal. Labor Code § 510(a). In supporting his claim, Plaintiff attributes Defendant's failure to pay overtime, at least in part, to its policy of subtracting thirty minutes of time worked from employees' pay checks where an employee worked more than six hours in a day. The only additional allegation provided is the legal conclusion that Defendant failed to abide by California Labor Code § 510(a). (Compl. ¶ 26.)

///

///

Plaintiff fails, however, to allege where and when Defendant implemented this policy.  Plaintiff states that he worked at two different locations, but does not indicate at which of Defendant's locations this policy was practiced.  With only a legal conclusion and limited factual allegations supporting the claim, Plaintiff has merely alleged a suspicion of a right to relief.  He has not nudged his claim across the line from conceivable to plausible.

Plaintiff's second, third, and fourth causes of action are similarly flawed.  For each claim, Plaintiff provides a recitation of the applicable law followed by a legal conclusion referencing Defendant.  For instance, Plaintiff's fourth cause of action alleges violation of California Labor Code § 226(a), which requires employers to provide an accurate itemized statement showing, among other things, wages earned, hours worked, and all applicable hourly rates.  Plaintiff, without alleging more than a policy of subtracting time from paychecks, concludes that Defendant intentionally failed to comply with Section 226(a) by not itemizing wage statements.  As explained above, conclusory statements are not sufficient to state a cause of action upon which relief may be granted.  Because the first four causes of action lack sufficient factual support, Defendant's Motion to dismiss the first four causes of action is granted.

Plaintiff's remaining causes of action are derivative of the first four.  With none of the first four causes of action containing sufficient factual allegations to satisfy the pleading requirement of Rule 8, Plaintiff's remaining derivative claims are consequently dismissed.

7

**CONCLUSION**

Accordingly, Defendant's Motion to Dismiss (ECF No. 4.) is hereby GRANTED with leave to amend. Plaintiff may file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically. If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiff's Complaint will be dismissed without leave to amend. Because Plaintiff's entire complaint is dismissed at this juncture for failure to state a viable claim, Defendant's Motion to Strike is rendered moot and is DENIED on that basis.

IT IS SO ORDERED.

Dated: November 30, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE